T.C. Summary Opinion 2001-181

UNITED STATES TAX COURT

JOSE CORONA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5097-00S.                    Filed December 10, 2001.

Jose Corona, pro se.

<u>Peter C. Rock</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $4,037 and $3,715 for the taxable years 1997 and 1998, respectively.

The issues for decision are: With respect to 1997 and 1998, (1) whether petitioner is entitled to head of household filing status; (2) whether petitioner is entitled to two dependency exemption deductions; and (3) whether petitioner is entitled to an earned income credit; and, with respect to 1998, (4) whether petitioner is entitled to a child tax credit.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Oakland, California, on the date the petition was filed in this case.

In both of the years in issue, petitioner filed a Federal income tax return as a head of household. He reported wage income of $9,337 in 1997, and $19,616 in 1998. In each year, he claimed two dependency exemption deductions for Cathy Corona and Jose Corona, Jr., and claimed the earned income credit with Cathy and Jose as qualifying children who lived with him the entire year. In 1998, he claimed a child tax credit for Jose.

In the statutory notices of deficiency, respondent changed petitioner's filing status to single in each year and disallowed the dependency exemption deductions and the credits.

Among other requirements, a taxpayer generally is entitled to a dependency exemption deduction for a child only if the taxpayer provides over half of the child's support during the taxable year. Sec. 151(a) and (c); sec. 152(a).

Generally, a taxpayer is entitled to head of household filing status only if the taxpayer maintains a household which is the principal place of abode of an unmarried child. Sec. 2(b)(1).

Under section 24(a), a taxpayer is allowed a credit for each qualifying child. For purposes of section 24, a taxpayer's child is a qualifying child of the taxpayer only if the child is under the age of 17 at the close of the taxable year and entitles the taxpayer to a dependency exemption deduction. Sec. 24(c)(1).

Petitioner and his wife, Matilde Corona, separated in 1995; whether they are still married is not established in the record. Cathy and Jose are the children of petitioner and Ms. Corona and were born in 1979 and 1985, respectively. The only evidence provided to support petitioner's entitlement to the disallowed deductions and credits is testimonial. Petitioner testified that Ms. Corona removed Jose from petitioner's home against petitioner's will sometime in mid-1997, and that Jose remained

with Ms. Corona until mid-1998 or possibly after the end of the year.  Petitioner also testified that Cathy lived with petitioner during all of 1997 and all of 1998, and that petitioner supported Cathy during this time.  Ms. Corona, on the other hand, testified that both Cathy and Jose lived with her and were supported by her starting in September 1997 and throughout 1998.

We do not find petitioner to be a credible witness because by admitting that Jose did not live with him throughout all of 1997 and 1998, as indicated on his tax returns, he has admitted that he provided false information on those returns.  Furthermore, petitioner's testimony was contradicted by the testimony of Ms. Corona, whom we find to be a more credible witness.  We therefore accept Ms. Corona's version of events.

We find that Jose and Cathy lived with petitioner only until August 1997, and that they lived with and were supported by Ms. Corona after that time.  Petitioner is not entitled to a dependency exemption deduction for either Cathy or Jose in 1998, because they were not supported by him during that year.  Sec. 152(a).  Petitioner likewise is not entitled to a dependency exemption deduction for either Cathy or Jose in 1997:  We do not accept petitioner's testimony that he supported the children during 1997 for the reasons stated above and because petitioner's income level of $9,337 indicates the children likely had other sources of income.  Because petitioner is not entitled to the

dependency exemption deductions, he also is not entitled to head of household filing status, sec. 2(b)(1), for 1998, or to a child tax credit, sec. 24(c)(1), for either 1997 or 1998. However, because petitioner furnished over half the cost of maintaining his home, we find that he is entitled to head of household status for 1997, because Jose and Cathy lived with him for more than one half of that year.

Under section 32, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income, subject to certain limitations. Sec. 32(a)(1). Any individual with a qualifying child is an eligible individual. Sec. 32(c)(1). An individual with qualifying children is entitled to a larger credit than is an individual without qualifying children. Sec. 32(a) and (b). As is relevant here, the definition of a qualifying child for purposes of section 32 includes a child of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A). A qualifying child either must be under the age of 19 (or a student under the age of 24) at the close of the taxable year, or be permanently and totally disabled at any time during the year. Sec. 32(c)(3)(C).

Petitioner is not entitled to an earned income credit in 1998 because his income was too great and he had no qualifying

children in that year while Cathy and Jose resided with Ms. Corona.  Sec. 32(c)(3)(A).

Respondent disallowed the earned income credit in 1997 solely because petitioner's dependency exemption deductions had been disallowed.  Qualification for a dependency exemption deduction is not a prerequisite to being a qualifying child. Sec. 32(c)(3).  Ms. Corona's testimony established that petitioner's children Cathy and Jose lived with petitioner prior to September 1997, which means they lived with petitioner more than half of that year, and both Cathy and Jose were under the age of 19 at the end of 1997.  We therefore hold that petitioner is entitled to the earned income credit in 1997.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.